USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10/23/12_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLIPSCH GROUP, INC., an Indiana Corporation | : CIV. ACT. NO. 11-Civ-9187 (PAE) |
| | : |
| Plaintiff | : PERMANENT INJUNCTION AND |
| | : FINAL JUDGMENT ON CONSENT |
| v. | : AS TO DEFENDANT FOCALPRICE |
| | : INC. d/b/a WSDEAL.COM d/b/a THE |
| SHENZHEN SOSOUND TECHNOLOGY CO LTD.; FOCALPRICE INC. d/b/a WSDEAL.COM d/b/a THE THROUGH LIMITED; HONG XING INDUSTRIAL HONG KONG LTD.; CONKIM (HK) CO LTD.; DESUN TECHNOLOGY CO LTD.; SHENZHEN INTEGRITY ELECTRONICS CO. LTD.; HONGKONG HUIXIANG INTERNATIONAL TRADE CO LTD.; AIRSHOO TECHNOLOGY (HK) LIMITED; SHENZHEN KUBE DIGITAL CO. LTD. d/b/a KUBE DIGITAL CO. LTD. d/b/a DIGITAL CO. LTD.; DAPU TECHNOLOGY (HK) LTD.; SHENZHEN XINYUN DIGITAL TECHNOLOGY CO. LTD. d/b/a EPENDI; LALA TECHNOLOGY CO. LTD.; SHENZHEN HUAHONG TECHNOLOGY CO. LTD.; CHINA DELAND ELECTRONICS CO. LTD.; GLOBAL CROWN ELECTRONIC (HK) INDUSTRY CO LTD.; YALISHANDA123; SUPEREARPHONE; JUBAOPEN007; LIZHE88; EASYBUY444; GIL6277; SUODENSUI; MCQBAGS2011; XYZ COMPANIES, and JOHN and JANE DOES | : THROUGH LIMITED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | |

Plaintiff Klipsch Group, Inc. ("Plaintiff"), having commenced this action for an

injunction and other relief against, *inter alia*, Defendants FocalPrice Inc. d/b/a

WSDeal.com d/b/a The Through Limited ("Settling Defendants") pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and under the laws of the State of New York, for the reason that Settling Defendants are alleged to be engaged in manufacturing, distributing, offering for sale and/or selling, among other things, of products that bear counterfeits and/or imitations of Plaintiff's trademarks as described and defined in the Complaint (collectively, "Plaintiff's Trademarks"); and

Settling Defendants having entered into a Stipulated Preliminary Injunction on Consent with Plaintiff on or about January 3, 2012; and

Settling Defendants, now having entered into a Settlement Agreement with Plaintiff and having stipulated to entry of a Permanent Injunction and Final Judgment; and

The parties, having indicated below their consent to the form and entry of this Permanent Injunction and Final Judgment on Consent.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Settling Defendants, their agents, servants, employees, representatives, confederates, affiliates and any other persons or entities acting in concert or participation with them, are permanently enjoined and restrained from:

      i.      using the Plaintiff's Trademarks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Trademarks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff; and

      ii.    passing off, inducing or enabling others to sell or pass off any goods that not the genuine products of Plaintiff as and for Plaintiff's authentic products; and

2

iii.     shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner headphones or other items falsely bearing the Plaintiff's Trademarks, or any reproduction, counterfeit, copy or colorable imitation of same; and

iv.     otherwise competing unfairly with Plaintiff, through the advertising, offering for sale, or sale of any product infringing Plaintiff's Trademarks in any manner; and

v.     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (vi).

**AND IT IS FURTHER ORDERED**, that Settling Defendants shall pay Plaintiff the settlement amount set forth in the parties' Settlement Agreement, which is incorporated herein by reference and made a part hereof. To effectuate this payment, within five (5) business days after receiving service of this Permanent Injunction and Final Judgment, PayPal, Inc. ("PayPal") shall transfer the funds set forth in the parties' Settlement Agreement and contained in the Settling Defendants' PayPal Account No. 1700834344440467705 (the "FocalPrice PayPal Account"), to Plaintiff, through Plaintiff's counsel.

**AND IT IS FURTHER ORDERED**, that, following the successful execution of Settling Defendants' payment to Plaintiff as set forth above, the restraint on Settling Defendants' assets shall be lifted. Accordingly, PayPal shall release all restrictions placed on the FocalPrice PayPal Account at that time. The asset restraint currently in place in this action shall remain in place as to all Defendants other than Settling Defendants.

**AND IT IS FURTHER ORDERED**, that this Court has jurisdiction over the parties, and the subject matter of the action. This Court shall retain jurisdiction to the

3

extent necessary to enforce this Injunction and the Settlement Agreement between the

parties, and to determine any issues that may arise under either.

CONSENTED TO BY PLAINTIFF
KLIPSCH GROUP, INC.

By: _____

G. Roxanne Elings
Seth E. Kertzer
Greenberg Traurig LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Tel: (212) 801-9200
Email:  elingsr@gtlaw.com

Dated: __3/28/2012__

CONSENTED TO BY SHENZHEN
CHIANG TECHNOLOGY CO., LTD.
D/B/A FOCALPRICE INC. D/B/A
WSDEAL.COM D/B/A THE
THROUGH LIMITED

By: _____

Rong Xie, Esq.
DeHeng Chen, LLC
225 Broadway, Suite 1910
New York, NY 10007
Tel: (212) 608-6500
Email:  rxie@dcclaw.com

Dated: __March 28, 2012__

SO ORDERED

Dated: __10/23/12__

By: _____

UNITED STATES DISTRICT JUDGE

The clerk of court is directed to close this case.

4